UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

GLOBAL GOLD MINING, LLC,

                        Petitioner,

vs.

PETER M. ROBINSON, AS PRESIDENT OF THE
INTERNATIONAL CHAMBER OF COMMERCE,
AN UNINCORPORATED ASSOCIATION, AND
INTERNATIONAL COURT OF ARBITRATION
OF THE INTERNATIONAL CHAMBER OF
COMMERCE, AN UNINCORPORATED
ASSOCIATION,

                        Respondents.
------------------------------------------------------------x

JUDGE LYNCH

07 CV 10492

ECF CASE

**NOTICE OF REMOVAL**



NOV 20 2007
U.S.D.C. S.D.N.Y.
CASHIERS

      Pursuant to 9 U.S.C. §§ 202 and 205 and 28 U.S.C. §§ 1441 and 1446, Respondents International Chamber of Commerce ("ICC") and International Court of Arbitration of the International Chamber of Commerce ("ICC Court") (collectively, "Respondents") hereby remove the above-captioned proceeding, pending in the Supreme Court of the State of New York, New York County and bearing Index Number 07/603576 (the "Proceeding") to the United States District Court for the Southern District of New York. In support of removal, Respondents state as follows:

### Background

      1.     The subject matter of this Proceeding relates to an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "Convention"),[1] implemented by 9 U.S.C. § 201 *et seq.* As such, this Proceeding is removable pursuant to Sections 202 and 205 of the Federal Arbitration Act ("FAA").

---

[1] 21 U.S.T. 2517, T.I.A.S. No. 6997, 330 U.N.T.S. 38, June 10, 1958.

A. **The Proceeding**

2. On or about October 29, 2007, Petitioner Global Gold Mining, LLC ("Global Gold") commenced this Proceeding under New York C.P.L.R. Article 75 in the Supreme Court of the State of New York, New York County. A true and correct copy of the Notice Of Petition Under N.Y. C.P.L.R. Article 75 and the Petition Under N.Y. C.P.L.R. Article 75 are attached as Exhibit A hereto. Petitioner Global Gold named ICC the ICC Court as Respondents in this Proceeding. In support of the Petition, Global Gold filed a Memorandum of Law in Support of its Petition and an Affirmation of Louisa B. Childs, attached hereto as Exhibits B and C, respectively.

3. In support of its Petition, Global Gold alleged the following:

   a. In December 2003, Petitioner Global Gold executed a Sale Purchase Agreement (the "SPA") to purchase all shares of an Armenian company, SHA, LLC (the "Company"), from what it "believed to be the three sole shareholders who signed the agreement." Petition ¶¶ 2, 12.

   b. The three shareholder signatories to the SPA were "Mayren Batoyan, Edward Janibekian, and Yurik Lalazaryan, all citizens and residents of Armenia." *Id.* ¶ 12.

   c. The SPA contained an arbitration clause providing that disputes would be settled by arbitration under the ICC Rules of Arbitration (the "ICC Rules"). *Id.* ¶ 19. The text of the arbitration clause is as follows:

   > 11.5 **Arbitration; Jurisdiction; Service of Process**
   > The parties acknowledge that they are entering into and shall perform under this Agreement in good faith, with the letter and spirit of this Agreement as the standard. The Parties will use their best efforts to resolve any disputes between themselves within thirty (30) days. During this thirty (30) day period, any party within ten (10) days'

notice may request and the other party must agree to meet in good faith to resolve the dispute. After thirty day's [sic] effort, if a dispute is not resolved, any party may refer the dispute for final settlement and accord with under the Rules of Conciliation and Arbitration of the International Chamber of Commerce, London England (the "Rules") by a panel of three (3) arbitrators.

In the case of any matter to be settled under the Rules, each party hereto shall appoint one arbitrator and such two arbitrators shall appoint a third arbitrator; provided, that if all three arbitrators have not been appointed within thirty (30) days after the party submitting the matter in dispute has notified the other party of such submission, either party hereto may apply to the International Chamber or Commerce for appointment of the remaining arbitrators. The place of arbitration of any matter to be settled under the Rules shall be in New York City, or at such other place as the parties shall unanimously choose. On a case-by-case basis, the parties may also agree to alternative dispute resolution methods. Such an Agreement must be in writing and signed by both parties.

*Id.* ¶ 19.

        d.      Global Gold asserted that at the time of the execution of the SPA, the actions of the three shareholders who signed the SPA allegedly were directed by an undisclosed fourth shareholder, Vardan Ayvazian, who did not sign the SPA. *Id.* ¶ 14.

        e.      In December 2006, Global Gold filed a Request for Arbitration with the ICC Court in Paris against the three shareholders of the Company who signed the SPA as well as against non-signatory Ayvazian. *Id.* ¶¶ 22, 23.

        f.      In accordance with Article 6(2) of the ICC Rules, the ICC Court made a *prima facie* determination as to whether an arbitration agreement may exist between Global Gold and the respondents named in Global Gold's Request for Arbitration. *Id.* ¶ 24. The ICC Court made a positive Article 6(2) determination as to the *prima facie* existence of an arbitration agreement between Global Gold and the three shareholders who were signatories to the Agreement. *Id.* As to the non-signatory Ayvazian, the ICC Court rendered a negative

Article 6(2) determination. As a result, the ICC Court only transmitted to the arbitral tribunal the dispute between Global Gold and the three shareholders who signed the SPA. *Id.* ¶ 31.

### D.  The Status of the Proceeding

4.  Global Gold invokes Sections 7502(a) and 7503(a) of the New York C.P.L.R. in seeking "an Order directing" the ICC and the ICC Court to submit to the arbitral tribunal the issue of whether the non-signatory to the SPA is required to arbitrate. *Id.* ¶ 44.

5.  Respondents have not filed any responsive pleading and have not otherwise responded to the Petition.

### Basis for Removal

6.  Section 205 of the FAA provides for removal of state court actions as follows:

> Where the subject matter of an action or proceeding pending in a State court *relates to an arbitration agreement or award falling under the Convention*, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending. The procedure for removal of causes otherwise provided by law shall apply, except that the ground for removal provided in this section need not appear on the face of the complaint but may be shown in the petition for removal.

9 U.S.C. § 205 (emphasis added).

7.  Section 202 of the FAA provides that "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial . . . falls under the Convention" unless the agreement arises out of a relationship "entirely between citizens of the United States." 9 U.S.C. § 202.

8.  Here, the SPA provides for the purchase and sale of shares of a company and therefore arises out of a "commercial" relationship. Petition ¶ 12. Furthermore, Global Gold alleges that the SPA was signed by Mayren Batoyan, Edward Janibekian, and Yurik Lalazaryan, who are all citizens and residents of Armenia. *Id.* As a result, Petitioner's allegations demonstrate that the arbitration agreement in the SPA falls under the Convention within the meaning of Section 202 of the FAA.

9.  This Proceeding is removable under Section 205 of the FAA because the subject matter "relates to" the arbitration clause in the SPA. *See Beiser v. Weyler*, 284 F.3d 665, 669 (5th Cir. 2002) ("whenever an arbitration agreement falling under the Convention could *conceivably* affect the outcome of the plaintiff's case, the agreement 'relates to' the plaintiff's suit") (emphasis in original). Here, Global Gold alleges that "Ayvasian [the non-signatory to the Agreement] is subject to the [SPA's] arbitration provision." Petition ¶ 40. Furthermore, Global Gold alleges that the ICC Court violated the ICC Rules that were incorporated into the arbitration clause in the SPA. *Id.* ¶ 39. A dispute concerning an arbitral institution's application of its arbitration rules as required by an arbitration clause "relates to" the arbitration agreement and is properly removable under Section 205. *See York Hannover Holding A.G. v. American Arbitration Association,* 794 F. Supp. 118, 122 (S.D.N.Y. 1992) (finding a sufficient relationship between the arbitration agreement and the action, where the plaintiff sought "to reverse the AAA's implementation of [its arbitration] rules; …. It cannot be reasonably argued that the action does not 'relate' to the parties' arbitration agreement." ).

## Removal is Proper

10. This Notice of Removal is timely filed under the FAA. *See* 9 U.S.C. § 205 (permitting removal "at any time before the trial"); *Dale Metals Corp. v. Kiwa Chem. Indus. Co.*, 442 F. Supp. 78, n.1 (S.D.N.Y. 1977) ("Nothing could be plainer than the language of 9 U.S.C. § 205 … which, in pertinent part, provides that in cases involving arbitration agreements, 'the defendants may, at any time before the trial thereof, remove' to federal court.").

11. This proceeding is not one described as non-removable in 28 U.S.C. § 1445.

12. Concurrent with the filing of this Notice of Removal, Respondents are providing written Notice of Filing of Notice of Removal to the Supreme Court of the State of New York.

13. In filing this Notice of Removal, Respondents do not waive and expressly reserve any defenses available to them, including but not limited to any procedural, jurisdictional or substantive defenses and all rights to recover the fees, expenses and damages resulting from Global Gold's commencement of this Proceeding.

WHEREFORE, Respondents ICC and ICC Court remove this action from the Supreme Court of the State of New York, New York County, to the United States District Court for the Southern District of New York.

Dated: New York, New York
       November 20, 2007

Respectfully submitted,

ALLEN & OVERY LLP

By: /s/ Kimmel
    Louis B. Kimmelman
    Dana C. MacGrath

1221 Avenue of the Americas
New York, New York 10020
Telephone: (212) 610-6300
Facsimile: (212) 610-6399
E-Mail: benno.kimmelman@allenovery.com
        dana.macgrath@allenovery.com

Attorneys for Respondents